UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY CHEATHAM,<br><br>    Plaintiff,<br><br>v.<br><br>TOMMY WAN, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00135-JDP<br><br>SCREENING ORDER<br><br>FIRST AMENDED COMPLAINT DUE IN THIRTY DAYS<br><br>ECF No. 1 |

Plaintiff is a prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed on January 30, 2019, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff alleges that he has been sexually assaulted and accosted in prison, sought single-cell status to prevent further attacks, and was denied that status. The court has screened plaintiff's complaint and finds that it fails to state a claim. We will give plaintiff leave to file an amended complaint within thirty days.

**I.    STATEMENT OF FACTS[1]**

Plaintiff is an inmate at California Substance Abuse Treatment Facility ("SATF") in Corcoran. *See* ECF No. 1 at 1. Plaintiff names various employees of SATF as defendants in this

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

1

action. Plaintiff alleges that he "had been sexually assaulted and accosted at another California state prison" and informed "authorities" at SATF of that fact. *Id.* at 4. On November 17, 2016, plaintiff "read a petition begging for and seeking single cell status" to a committee including defendants Wan, Williams, Beltran, Doe 1, and Doe 2. *Id.* at 4-5. Plaintiff's request was denied. *See id.* at 5.

Plaintiff also gives a laundry list of conclusory complaints regarding isolated incidents over a three-year span at SATF. *See, e.g.*, *id.* at 4 (asserting that on October 9, 2016, his mental health doctor, defendant Romero "sabotaged" his efforts to seek "mental comfort and help"); *id.* at 5 (alleging that on May 25, 2017, defendant Beltran threatened to place plaintiff in S.H.U.); *id.* at 6 (complaining that his request to separate from his cellmate was denied by defendant Brainard on May 4, 2018).

## II. SCREENING AND PLEADING REQUIREMENTS

A district court must dismiss a case that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, the court may dismiss a pro se litigant's complaint

"if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States, and (2) show that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**III.    DISCUSSION**

    **A.  Linkage Requirement**

Section 1983 provides a cause of action for the violation of plaintiff's constitutional or other federal rights by persons acting under color of state law. *See Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009). To state a claim, plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *See Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013).

Plaintiff fails to link many of the defendants to any specific action causing him harm. Instead, his complaint repeatedly states that various defendants violated his rights, without explaining what rights were violated or how the violations occurred. Plaintiff's allegations must demonstrate that each individual defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79. Plaintiff will be given leave to amend.

### B. Improper Joinder of Unrelated Claims

Plaintiff's complaint lists multiple unrelated claims. ECF No. 1 at 4-7. Multiple parties may be joined as defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Therefore, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350–51 (9th Cir.1997). Plaintiff's laundry list of unrelated claims cannot remain in a single complaint. Plaintiff will be given leave to amend.

### C. Failure to Protect

The main issue raised in plaintiff's complaint appears to be that he would like to be housed in a single cell because he fears attack from other inmates. *See* ECF No. 1 at 4-5. Liberally construed, these allegations may raise a claim for failure to protect. Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish a violation of this duty, the prisoner must show first, that he was incarcerated under conditions posing a substantial risk of serious harm; and second, that a prison official knew of and was deliberately indifferent to this risk. *See id.* at 834. In this case, should plaintiff choose to amend, he must provide specific information regarding his substantial risk of serious harm. While sexual assault is a serious harm, plaintiff has not alleged facts to show that he is was at substantial risk of this serious harm at SATF. Plaintiff will be given leave to amend.

### IV. CONCLUSION AND ORDER

We have screened plaintiff's complaint and find that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's constitutional rights. If plaintiff fails to

amend his complaint within thirty days, we will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint,[2] the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what actions each named defendant took that deprived plaintiff of constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. *See id.* at 677. Plaintiff must allege that each defendant personally participated in the deprivation of his rights. *See Jones*, 297 F.3d at 934. Plaintiff should note that a short, concise statement in which the allegations are ordered chronologically will help the court identify his claims. Plaintiff should describe how each defendant wronged him, the circumstances surrounding each of the claimed violations, and any harm he suffered.

If plaintiff decides to file an amended complaint, the amended complaint will supersede the original complaint, *Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and the amended complaint must be complete on its face without reference to the prior, superseded pleading, *see* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

---

[2] Plaintiff may not change the nature of this suit by adding new, unrelated claims or new, unrelated defendants in his amended complaint. *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

5

Accordingly, within thirty days from the date of service of this order, plaintiff must file a First Amended Complaint. Failure to comply with this order will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: August 12, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 204